HARRY B. BLESSING·

*v.*

WILLIAM B. SMITH et al.

[Decided September 24th, 1908.]

1. Transactions between a customer and a stockbroker, which involve payments by the customer for margins on orders for buying and selling stocks, pursuant to an understanding that no stock shall be delivered to the customer, but that settlements of differences of profits and losses shall be made, are "gambling transactions."

2. A suit by a customer against a stockbroker for an accounting of gambling transactions in the purchase of stock on margin and for a decree for the amount due, brought nearly a year after the payments for margins, if brought by virtue of the Gaming act (*Gen. Stat. 1895 p. 1606* § 5), authorizing a suit for money lost, is barred by lapse of time; and if brought by virtue of section 2, authorizing the recovery of money deposited on the event of any wager, the limitation may apply by construction.

3. A bill by a customer against a stockbroker for an accounting of a gambling transaction, alleging that the customer turned over to the broker specified sums in such transactions, shows an adequate remedy at law under the statute to recover the sums paid, and equity does not obtain jurisdiction merely because the customer is willing to permit the broker to recoup for any losses with respect to stocks actually purchased by him on the customer's account.

4. Where a bill, in a suit by a customer against a broker for an accounting of gambling transactions, sets forth the date and amount of each payment made by the customer to the broker in the transactions, so that the customer, if entitled to recover, is entitled to a return of the sums paid, equity does not have jurisdiction on the theory that a discovery is necessary.

On demurrer to bill.

The bill in this case, which by stipulation is to be treated as filed on the 28th of April, 1908, charges that the defendants were stockbrokers, and that the complainant, between the 11th of April and the 21st of May, 1907, paid the defendants, in four

several amounts, a total of $3,250, which said moneys, it is alleged, were paid by the complainant to the defendants as margin and as additional margin on complainant's account with the said defendants; that he gave orders to the defendants for the buying and selling of certain stocks; that the defendants have furnished to the complainant certain paper-writings purporting to show the names of the persons from whom the stocks were bought and to whom the stocks were sold on his account, but the complainant charges that the writings do not sufficiently identify the said persons; that the defendants did not execute the orders given by the complainant, and did not in a number of instances buy and sell the stocks as directed; "that it was never intended or agreed by and between your orator and the defendants that the stocks bought by the defendants on behalf of your orator should be actually delivered to your orator, or that your orator should ever actually pay therefor, and that as a matter of fact no stocks were ever actually delivered to your orator, nor did your orator ever actually pay therefor to the defendants, but that the arrangement between your orator and the defendants was that at the settlement a balance should be struck, based on the profits or losses as the case might be, or, in other words, simply and solely a settlement of difference, each transaction by your orator with the defendants being had on a marginal basis and the difference between the buying and selling price being charged against your orator or placed to his credit as the case might be."

The bill then prays for an accounting, and that the defendants may set forth each purchase and sale made by them on behalf of the complainant, with the names and dates in full and the prices, and that the amount due from the defendants to the complainant may be ascertained and decreed.

The demurrer specifies a number of causes which I do not think it necessary to detail.

*Mr. William P. Martin,* for the demurrants.

*Messrs. Wenner & Ostrom,* for the complainant.

GARRISON, V. C.

It is entirely clear, under the law of this state, that the transactions pleaded in the bill were gambling transactions. *Flagg* v. *Baldwin, 38 N. J. Eq. (11 Stew.) 219 (Court of Errors and Appeals, 1884)*; *Sharp* v. *Stalker, 63 N. J. Eq. (18 Dick.) 596 (Vice-Chancellor Stevens, 1902)*; *Van Pelt* v. *Schauble, 68 N. J. Law (39 Vr.) 638 (Court of Errors and Appeals, 1903)*; *Thompson* v. *Williamson, 67 N. J. Eq. (1 Robb.) 212 (Vice-Chancellor Emery, 1904)*; *Myers* v. *Fridenberg, 70 N. J. Eq. (4 Robb.) 3 (Chancellor Magie, 1905)*.

In the brief of the complainant he "concedes that his bill of complaint as drawn 'sets up an action, which comes within the act to prevent gaming."

The situation is closely analogous to that dealt with in the case of *Myers* v. *Fridenberg, supra*. If the action is by virtue of the fifth section of the act it is barred by lapse of time; if by virtue of the second section, the limitation by construction may apply thereto also, and the action similarly be barred. In any event, there seems to be a complete and adequate remedy at law and no necessity for the intervention of a court of equity.

The gravamen of the complainant's bill is that he turned over $3,250 of money to the defendants in gambling transactions. I cannot see how, under these circumstances, there can be any question of any accounting between the parties at all. The transactions which he pleads are undoubtedly gambling transactions, and he so designates them himself in his brief. If this is so, he is entitled, under the statute, to recover whatever he put up, and there is no doubt as to what he put up and no room for any accounting with respect thereto.

The complainant endeavors to break the force of this obvious course of reasoning by suggesting that if it should turn out that the defendants actually purchased certain stocks for his account he would be willing to permit them to recoup themselves for any losses with respect thereto. This, however, is a matter of grace and not of law, and does not affect the situation in the least. The only ground upon which the complainant seeks to recover is that the transactions were prohibited, and the statute enables

him to recover whatever he put up with respect to the prohibited transaction. The fact that he is willing, in the face of the law, to suffer a certain loss, or to suffer loss under certain circumstances, does not change the legal aspect of the question involved. Under the present bill, as I view it, he pleads that he was gambling, and that he put up a certain sum of money, which he specifies, and if he proves those facts he is entitled to a return of that money. There is, as has been above stated, no occasion for any accounting whatever.

Nor could the case be saved even by a resort to the idea that a discovery is necessary, and that equity, taking jurisdiction for that purpose, would retain it for all purposes. No discovery whatever is shown to be necessary. The complainant sets forth the date and the amount of each payment that he made to the defendants, and if he is entitled to anything he is entitled to a return of those amounts, or the aggregate thereof, and he not only does not show the need of any discovery with respect thereto, but himself possesses the best information as to them.

The demurrer will be sustained.